# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| D.V., | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 08-552 |
| | ) Judge Nora Barry Fischer |
| DONNA JEAN MILLER, a/k/a | ) |
| DONNA J. MILLER, | ) |
| Defendant, | ) |

## MEMORANDUM OPINION

**1. INTRODUCTION**

Plaintiff D.V. (hereinafter "D.V.") filed this action against Defendant Donna Jean Miller (hereinafter "Miller"), alleging a violation of his Fourteenth Amendment rights pursuant to 42 U.S.C. §1983, as well as state law claims for fraudulent billing and professional negligence. Currently pending before this Court is Defendant's Motion to Dismiss. (Docket No. 13). Based on the following, Defendant's Motion is **GRANTED**.

**II. FACTS**

This case stems from lengthy divorce and custody proceedings that were initiated by D.V. in the Court of Common Pleas of Westmoreland County (hereinafter "Custody Court"), Pennsylvania at Docket Number 1765 of 2004-D. (Docket No. 14 at 2). D.V. is the father of three minor children (hereinafter "the children") who were born in 1993, 1995, and 1998, respectively. (Docket No. 1 at 1). In November of 2003, D.V. and the children's mother separated. *Id.* at ¶4. During the divorce action, D.V. and the children's mother were granted shared legal custody of the children through a Custody Order. *Id.* at 1. D.V. asserts the children's mother used Miller to alienate the children from

him during the separation and divorce proceedings. *Id.* at ¶¶5, 6.

D.V. alleges that in the Fall of 2007 he discovered that the children's mother had hired Defendant Miller, a licensed clinical social worker, in early 2005 to provide the children counseling in connection with their adjustment to their parents' separation and divorce. *Id.* at ¶¶3,7. D.V. claims that Miller failed to inquire as to whether he shared legal custody of the children, and that Miller told him she did not believe that she was required to obtain his permission prior to providing counseling services. *Id.* at ¶¶8-9. D.V. asserts that he has a fundamental interest in maintaining a custodial relationship with his children and exercising legal custody of them, and that Miller violated this interest by providing therapy to the children without his consent. *Id*. at ¶¶34-36.

Although Miller billed for counseling services provided to the children from approximately January 31, 2005 through October of 2006, D.V. maintains that the children showed no progress in adjusting to the divorce. (Docket No. 1 at ¶10). D.V. also alleges that the children began acting in a bizarre and hateful manner towards him during the period in which they were counseled by Miller. *Id*. at ¶11. Further, D.V. claims that rather than properly evaluating and treating the children, Miller facilitated and encouraged their mother's attempts to alienate the children from him. *Id.* at ¶¶12-13.

In June of 2005, D.V. and the children were planning to go on a vacation, which was scheduled in compliance with the Custody Order. (Docket No. 1 at ¶¶14, 17). However, the day before the vacation was to begin, Miller filed a report of abuse against D.V. under the Pennsylvania Child Protective Services Law.[1] *Id.* at ¶17. D.V. avers that Miller based her report solely upon

---

[1] The Pennsylvania Child Protective Services Law is based on the premise that "abused children are in urgent need of an effective child protective service to prevent them from suffering further injury and impairment." 23 Pa.C.S. § 6302(a) (1990). The purpose of the statute is to encourage complete reporting of suspected child abuse, to allow investigation and involvement of

2

information given to her from the children's mother and provided to her by the children, whom he claims had been coached by their mother. *Id.* at ¶18. As a result of the report of abuse, the vacation was cancelled and D.V.'s partial physical custody of the children was suspended, permitting him to only see the children by way of supervised visits. *Id.* at ¶¶19, 20. Over the next year and a half, Miller's actions allegedly caused several more interruptions with D.V.'s custody arrangement with the children. (Docket No. 1 at ¶21).

## III. PROCEDURAL HISTORY

On April 21, 2008, D.V. commenced this action.[2] (Docket No. 1). Thereafter, on June 17, 2008, Miller filed a Motion for Extension of Time to File Answer and Affirmative Defenses, which the Court granted. (Docket Nos. 11 and 12). Instead, on July 2, 2008, Miller filed a Motion to Dismiss along with a Sealed Brief in Support of said Motion. (Docket Nos. 13 and 14). Subsequently, on July 18, 2008, D.V. filed a Motion for Leave to Proceed under a Pseudonym and for Redaction of Specific Personal Identifiers, which the Court granted. (Docket No. 17 and 19). D.V.'s Response to Miller's Motion to Dismiss was filed on August 1, 2008. (Docket No. 21). In addition, D.V. filed a Motion to Seal Exhibits "A" through "G" to Plaintiff's Response and Memorandum of Law in Opposition to Defendant's Motion to Dismiss, which the Court granted.

---

law enforcement in responding to child abuse, to protect children from further abuse, and to provide rehabilitative services to children and parents involved in said abuse. 23 Pa.C.S. § 6302(b).

[2] The Court notes that D.V. is currently involved in a separate case pending before this Court, *D.V. v. Westmoreland County Children's Bureau, et. al.,* at Civil Action No. 07-829. There, D.V. alleges that the Westmoreland County Children's Bureau and nine individually named employees of the Bureau abused their authority in enforcing state child welfare laws. (Docket No. 44 at 2). Further, D.V. alleges that all named defendants in that suit, acting under color of state law, deprived him of his rights as guaranteed to him by the First and Fourteenth Amendments. *Id.* Said action is currently in the discovery stage.

3

(Docket No. 22 and 23). Accordingly, on August 8, 2008, D.V. filed said exhibits. (Docket No. 24). A telephonic status conference was held on September 23, 2008, concerning several issues raised in the pending Motion to Dismiss (Docket No. 32). Pursuant to said telephonic status conference, counsel for D.V. was ordered to file a Supplemental Brief on or before October 6, 2008 addressing the following: (1) whether the Defendant is a state actor pursuant to Section 1983 and (2) whether there is any new case law that is pertinent to the instant Motion. (Docket No. 32). D.V. filed said Supplemental Brief on October 6, 2008. (Docket No. 35). Miller filed a timely Response to D.V.'s Supplemental Brief on October 16, 2008. (Docket No. 37). Accordingly, this Motion is ripe for disposition.

**IV.    STANDARD OF REVIEW**

Miller has moved to dismiss Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), 12(e) and 12(f). (Docket No. 13 at 1). The only federal claim D.V. asserts against Miller is pursuant to 42 U.S.C. § 1983. A fundamental element of any claim under § 1983 is the requirement that the defendant be a state actor, acting under color of state law. *Arment v. Commonwealth National Bank,* 505 F.Supp. 911, 912-13 (E.D.Pa. 1981). As such, if Miller is not a state actor, D.V.'s Complaint must be dismissed under Rule 12(b)(6).

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Ehrheart v. Verizon Wireless*, Civil Action No. 07-1165, 2008 U.S. Dist. LEXIS 73416, at *3 n. 1 (W.D. Pa. Sept. 25, 2008)(citing *Bell Atlantic Corp. v. Twombly*, – U.S.–, 127 S.Ct. 1955 (2007)). A claim for relief under Federal Rule of Civil Procedure 8(a)(2) "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1965.

A plaintiff must aver sufficient factual allegations in order "to raise a right to relief above the speculative level." *Ayers v. Osram Slyvania, Inc.*, Civil Action No. 07-1780, 2008 U.S. Dist. LEXIS 72644, at *6 (M.D. Pa. Sept. 24, 2008) (citing *Twombly*, 127 S.Ct. at 1965). In considering a Rule 12(b)(6) motion, a court must view all of the plaintiff's allegations as true and construe all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, Civil Action No. 06-4688, 2008 U.S. App. LEXIS 19225, at *10 (3d Cir. Sept. 9, 2008) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). A court is not required to consider legal conclusions, rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

## V. DISCUSSION OF STATE ACTOR REQUIREMENT

The crux of D.V.'s Fourteenth Amendment claim is that Miller deprived him of his fundamental right to maintain a custodial relationship with his children by her report against him under the Pennsylvania Child Protective Services Law, which resulted in a suspension of D.V.'s partial physical custody of the children. In his Complaint, D.V. alleges that this matter is being brought pursuant to 42 U.S.C. § 1983. (Docket No. 1). Miller initially based her Motion to Dismiss on the *Rooker-Feldman* doctrine, claiming that it should bar D.V.'s claims in federal court. (Docket No. 14). However, having reviewed the parties' Supplemental Briefs, the Court is persuaded by the argument that Miller is not a state actor for the purposes of 42 U.S.C. § 1983. (Docket No. 32). Accordingly, there is no need to address the *Rooker-Feldman* doctrine.

D.V. argues that Miller acted under color of state law once Miller provided counseling to the children pursuant to orders entered by the Custody Court. 42 U.S.C. § 1983 provides:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or

5

> usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding or redress…

42 U.S.C. §1983.

Although private parties may cause the deprivation of constitutional rights, they may only be subject to liability under §1983 when they do so under color of state law. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995). Determining whether "there has been state action requires an inquiry into whether there is a sufficiently close nexus between the State and the challenged action so that the challenged action may be fairly treated as that of the State itself." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). In order to act under color of state law, a defendant in a § 1983 action must have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins,* 487 U.S. 42, 49, (1988).

To determine whether a private party has acted under color of state law, a court must first determine "whether the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939, (1982). The court must then determine whether, under the facts of [the] case, [the private party], may be appropriately characterized as a "state actor". *Id.* Furthermore, the United States Court of Appeals for the Third Circuit has delineated three *Lugar* sub-tests to determine whether there has been state action:

> (1) whether the private entity has exercised powers that are traditionally in the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials, and (3) whether the state has so far

> insinuated itself into a position of interdependence with the private party that it must be recognized as a joint participant in the challenged activity.

*Mark v. Borough of Hatboro,* 51 F.3d 1137 at 1142.

Based on the allegations in the Complaint, Miller is a private, licensed clinical social worker. (Docket No. 1 at ¶3). Even though Miller is licensed by the state, this fact alone does not render her a state actor. "Merely holding a state license to engage in a regulated activity does not render a private entity a state actor absent further state activity." *Schultz v. Wilson,* Civil Action No. 04-1823, 2007 WL 4276696 at *6 (M.D.Pa. 2007) (citing *Moose Lodge No. 107 v. Irvis,* 407 U.S. 163, 171-72 (1972) (holding that a private club does not become a state actor simply because it holds a state-issued license to serve alcohol) (*see also Crissman v. Dover Downs Entm't, Inc.,* 289 F.3d 231, 243 (3d Cir. 2002)) (holding that state licensing is not enough to make a private entity a state actor). Similarly, courts have held that private physicians unaffiliated with a state institution are not state actors. *Harvey v. Harvey,* 949 F.2d 1127 (11th Cir. 1992). As such, Miller is a private counselor; her status as a licensed clinical social worker does not make her a state actor.

Further, the children's mother contacted Miller on her own initiative to counsel the children through the divorce and subsequent custody battle. (Docket No. 1 at ¶¶ 5, 7). D.V. has neither alleged any facts in his Complaint nor brought forth any evidence that Miller commenced counseling of the children at the behest or authority of anyone other than the children's mother. Courts have held that in situations where a plaintiff contacts a psychologist on her own initiative, the psychologist is not a state actor. *Layser v. Morrison,* 935 F.Supp. 562 at 566 (E.D.Pa. 1995). *See also Heilman v. T.W. Ponessa and Associates,* Civil Action No. 07-1308, 2008 WL 275731, at *11 (M.D.Pa. 2008) (holding that a private counseling business is not a state actor where a plaintiff independently chose

7

the counselor in order to comply with probation conditions). D.V. argues that although Miller was initially a private counselor, she became a state actor pursuant to several of the Custody Court's orders. (Docket No. 35 at 4). Specifically, the first order issued dated February 18, 2005 was made in response to D.V.'s petition requesting that the Custody Court order Miller to cease therapy with the children. (Docket No. 37 at 5). Said order stated,

> "…it is hereby ORDERED, ADJUDGED, and DECREED, that as the minor children have already commenced counseling with Donna Miller, they shall continue in their counseling with Ms. Miller and the Petition is therefore, Denied."

(Docket No. 14-3 at 1). A subsequent interim order of court on May 13, 2005 stated,

> "both parties shall participate in the family counseling currently being provided by Donna Miller, L.S.W., with regard to the minor children. Ms. Miller is directed to include both parties in any and all relevant matters concerning the family counseling including but not limited to parenting counseling/instruction if appropriate."

(Docket No. 14-5 page 8 at ¶9). A third order on June 6, 2006 stated,

> "the children may continue in counseling with Donna Miller, however, Father is not required to participate in same unless he chooses to do so. The appropriateness of continued therapy with Donna Miller shall be reviewed at the reconciliation hearing scheduled herein."

(Docket No. 14-5 at ¶12-13). Said hearing was never conducted. (Document No. 21 at 12). D.V. has pled no facts nor cited any case law that would support his assertion that these orders converted Miller's private services into actions taken under the color of state law. Although Miller's services were the subject of the orders, the orders were issued only as a result of D.V.'s petitions, and the Custody Court played no role in choosing Miller. *See Layser,* 935 F.Supp. 562 at 566. As to the February 18, 2005 order, Miller highlights in her Supplemental Brief that,

> "it must be reiterated that this Order was entered in direct response to a Petition filed by the Plaintiff. The Court did not unilaterally and *sua sponte* direct the counseling of the minor children with the Defendant. There is nothing in the Order dictating the

8

frequency, manner, place, or length of the counseling. There is nothing in the Order requiring that Defendant provide a report to the Court after counseling the minor children."

(Docket No. 37 at 5). Moreover, the Custody Court's orders did not mandate that the counseling occur and there is no indication that the court acted as a joint participant with Miller by insinuating itself into a position of interdependence with Miller. To the contrary, the Custody Court intended that the parties "shall share responsibility for all major decisions concerning...the general welfare of the minor children, including psychological counseling." (Docket No. 14-3 at 1). Accordingly, there was no language in the February 18, 2005 order, nor in any subsequent orders, preventing the parties from stopping counseling with Miller or engaging a different counselor. Hence, the Custody Court maintained no control over the counseling of the children by Miller.[3]

The orders at issue contain no language that describes Miller as the children's court-appointed counselor. However, assuming, *arguendo*, that the Custody Court's orders made Miller the children's court-appointed counselor, Miller is entitled to immunity from D.V.'s §1983 claim. The case of *Hughes v. Long* is instructive. *Hughes v. Long,* 242 F.3d 121 (3d Cir. 2001). In that case, Plaintiff father brought federal civil rights claims against custody evaluators following a state court child custody dispute. One of the evaluators was a licensed clinical social worker. In finding the individual evaluators state actors, the court considered many factors, including the fact that they had been appointed by the court to conduct a full custody evaluation; they were required to report

---

[3] Furthermore, "[a]ction taken pursuant to a facially valid court order receives absolute immunity from §1983 lawsuits for damages." *Von Schlichten v. Cnty. of Northampton,* 279 Fed. Appx. 176, 179 (3d Cir. 2008) (citing *Hamilton v. Leavy*, 322 F.3d 776, 782-83 (3d Cir. 2003)). Miller continued her treatment of the children pursuant to a facially valid court order, and is therefore immune from D.V.'s §1983 claim. *Id.*

their findings to the court; and, were to make any recommendations appropriate to a child custody determination. In essence, the defendants were to engage in neutral fact-finding and advise the court.[4] The court ultimately found the defendants to be state actors, but held that they "enjoy[ed] judicial immunity because they acted as 'arms of the court,' similar to a guardian ad litem or a court-appointed doctor or psychologist, a non-judicial person who fulfills a quasi-judicial role at the court's request." *Hughes,* 242 F.3d 121 at 126. Thus, even if this Court were to agree with D.V.'s position that Miller was court-appointed pursuant to the Custody Court's orders, she would be accorded judicial immunity.

In summary, at all times Miller was a private clinical social worker and was never appointed by the court. The Custody Court's first order dated February 18, 2005 was issued in response to D.V.'s petition requesting that Miller cease providing counseling services to the children. Miller was never ordered to conduct any evaluations, nor was she ordered to report back to the court. Hence, the Custody Court never insinuated itself into a position of interdependence with Miller and, as such, was never a joint participant in her counseling the children. Further, the Supreme Court has noted the "importance of the distinction between the state's exercise of coercive power or provision of significant encouragement, and the 'mere approval' or acquiescence in the initiatives of a third party." *Watson v. Methacton School Dist.,* 513 F.Supp.2d 360, 370 (E.D.Pa. 2007) (quoting *Blum v. Yaretsky,* 457 U.S. 991, 1004 (1982)). Here, the Custody Court was merely approving Miller's actions. The children's mother could have changed counselors or ceased therapy, just as Miller

---

[4] Although for the purposes of this analysis the Court is characterizing Miller as a court-appointed counselor, the Court notes that the actions of actual court-appointed counselors and social workers, such as those in *Hughes v. Long*, are very distinct from Miller's role in D.V.'s custody proceedings.

could have ceased therapy at any time. Accordingly, this Court finds that Miller's actions do not amount to state action triggering § 1983 liability. Having found that Miller is not a state actor for purposes of § 1983, the Court finds that amendment to D.V.'s Complaint would be futile. *See Shane v. Fauver,* 213 F.3d 113, 116 (3d Cir. 2000) (providing that in the event that a complaint fails to state a claim a district court should allow amendment unless to do so would be futile.)

**VI.    D.V.'s Remaining State Law Claims**

Since D.V. has failed to state a federal claim upon which relief can be granted, the only claims remaining in this matter are D.V.'s state law claims of fraudulent billing and professional negligence. Pursuant to 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over state law claims if the "district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The decision whether to exercise supplemental jurisdiction over any remaining state law claims under 28 U.S.C. § 1367 is solely within the discretion of the district court. *Giaconia v. Delaware Cnty. Soc. for the Prevention of Cruelty to Animals,* Civil Action No. 08-1299, 2008 WL 4442632, at *4 (E.D.Pa.2008). The United States Court of Appeals for the Third Circuit has held that supplemental jurisdiction "should be declined where the federal claims are no longer viable, absent 'extraordinary circumstances.'" *Shaffer v. Bd. of Sch. Dirs. of the Albert Gallatin Area Sch. Dist.,* 730 F.2d 910, 912 (3d Cir.1984). As there are no extraordinary circumstances that would warrant exercising supplemental jurisdiction in this case, the Court declines to exercise supplemental jurisdiction over D.V.'s state law claims.

## VII. CONCLUSION

Accordingly, based on the foregoing, Defendant Donna Jean Miller's Motion to Dismiss (Docket No. 13) is **GRANTED**. An appropriate order follows.

Date: November 4, 2008
cc/ecf: All counsel of record

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge